FILED

09/15/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0594

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 19-0594

DIANA'S GREAT IDEA, LLC, a Montana limited liability
company; ENGWIS INVESTMENT COMPANY, LTD., a
Montana limited partnership; R.F. BUILDING COMPANY, LP,
a Montana limited partnership; ROCK CREEK RANCH I LTD.,
a Texas limited partnership; and WILD EAGLE MOUNTAIN
RANCH,

     Plaintiffs, Counter-Defendants, and Appellees,

v.

RICHARD "RICK" JARRETT, general partner of CRAZY
MOUNTAIN CATTLE CO.; and ALFRED ANDERSON,

     Defendants, Counter-Plaintiffs, and Appellants.

FILED

SEP 15 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Appellees seek rehearing of our August 11, 2020 decision in this appeal to the extent
it reversed the District Court's dismissal with prejudice of Appellants Richard Jarrett and
Alfred Anderson's counterclaims. *Diana's Great Idea, LLC v. Jarrett and Anderson*,
2020 MT 199, ¶¶ 23-30, 401 Mont. 1. Jarrett and Anderson oppose the petition.

Appellees argue that this Court: (1) disregarded the requirements of M. R. App. P. 8
when it relied on Jarrett and Anderson's representation about the basis for their
counterclaims without a transcript of the preliminary injunction hearing; (2) disregarded the
requirements of M. R. Civ. P. 52(a)(6) when it accepted Jarrett and Anderson's assertions
instead of the District Court's factual findings regarding improper delay and their knowledge
of Appellees' purposes in bringing the case; (3) overlooked the District Court's material
factual findings that Appellants knew the basis for their causes of action well before bringing
their counterclaims; and (4) overlooked controlling case law on compulsory counterclaims
and abuse of process. Appellees urge the Court to reconsider this aspect of its Opinion.

Under M. R. App. P. 20, this Court will consider a petition for rehearing only if the
opinion "overlooked some fact material to the decision," if the opinion missed a question

provided by a party or counsel that would have decided the case, or if our decision "conflicts with a statute or controlling decision not addressed" by the Court. M. R. App. P. 20.

Having fully considered Appellees' petition, the Court concludes that rehearing is not warranted under Rule 20. The Court did not overlook material facts or issues raised by the parties or fail to address a controlling statute or decision that conflicts with the Opinion. Many of Appellees' arguments relate to the viability of Jarrett and Anderson's claims—in particular, the abuse of process claim. We did not consider or address the legitimacy or merit of any of those claims. Opinion, ¶ 31. Having a transcript from the preliminary injunction hearing was not material to our decision, because we did not rely on the truth or credibility of statements allegedly made or overheard at that hearing. Opinion, ¶ 6 n.3. We concluded only that Jarrett and Anderson's counterclaims were not compulsory because the parties' claims did not arise from a singular transaction. Opinion, ¶ 25. Reasonable minds may differ on that point, but the Appellees' disagreement with the Court's conclusion is not ground for rehearing.

IT IS THEREFORE ORDERED that the petition for rehearing is DENIED.

The Clerk is directed to provide copies of this Order to all counsel of record.

Dated this 15ᵗʰ day of September, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

2